# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CLAIRE SILVERSTEIN,

        Plaintiff,

-against-

COSTCO WHOLESALE CORPORATION,

        Defendants.

---

Filed:

INDEX NO.

Plaintiff designates Kings County as the place of trial.

SUMMONS

The basis of venue is
The Plaintiff's residence
pursuant to CPLR 503(a):
1307 Shore Parkway
Brooklyn, NY 11214

### TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
      October 9, 2019

By: _/s/_
Ricardo J. Martinez
LEAV & STEINBERG, LLP
*Attorneys for Plaintiffs*
CLAIRE SILVERSTEIN
75 Broad Street, Suite 1601
New York, New York 10004
(212) 766-5222

### PLEASE FORWARD TO YOUR INSURANCE COMPANY

FILED: KINGS COUNTY CLERK 10/09/2019 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 522119/2019
RECEIVED NYSCEF: 10/09/2019

TO:

COSTCO WHOLESALE CORPORATION
c/o C T CORPORATION SYSTEM
28 Liberty Street
New York, NY 10005

FILED: KINGS COUNTY CLERK 10/09/2019 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 522119/2019
RECEIVED NYSCEF: 10/09/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CLAIRE SILVERSTEIN,

        Plaintiff,

  -against-

COSTCO WHOLESALE CORPORATION,

        Defendants.

---

INDEX NO.

COMPLAINT

Plaintiff, CLAIRE SILVERSTEIN, by her attorneys, LEAV & STEINBERG, LLP, as and for her Complaint, respectfully alleges, upon information and belief:

1. The Plaintiff, CLAIRE SILVERSTEIN, at all times herein mentioned was and still is a resident of the City and State of New York, County of Kings.

2. The Defendant COSTCO WHOLESALE CORPORATION, at all times herein mentioned, upon information and belief, was and still is a foreign business corporation organized and existing under the laws of the State of Washington.

3. The Defendant COSTCO WHOLESALE CORPORATION, at all times herein mentioned, upon information and belief, was and still is a foreign business corporation duly licensed and authorized to do business in the State of New York.

4. The Defendant, COSTCO WHOLESALE CORPORATION, at all times herein mentioned, upon information and belief, conducted and carried on business in the State of New York.

5. At all times herein mentioned, upon information and belief, Defendant COSTCO WHOLESALE CORPORATION, transacted business within the State of New York.

6. At all times herein mentioned, upon information and belief, Defendant COSTCO

FILED: KINGS COUNTY CLERK 10/09/2019 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 522119/2019
RECEIVED NYSCEF: 10/09/2019

WHOLESALE CORPORATION derived substantial revenue from goods used or consumed or services rendered in the State of New York.

7. At all times herein mentioned, upon information and belief, Defendant COSTCO WHOLESALE CORPORATION owns, uses or possesses any real property situated within the State of New York.

8. At all times herein mentioned, upon information and belief, Defendant COSTCO WHOLESALE CORPORATION maintained a principal place of business within the State of New York.

9. At all times herein mentioned, Defendant COSTCO WHOLESALE CORPORATION owned the membership-only warehouse club located at 2975 Richmond Avenue, Staten Island, NY 10314 commonly known as "Costco" (hereinafter referred to as "Costco").

10. At all times herein mentioned, the Defendant COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees operated the aforementioned Costco located at 2975 Richmond Avenue, Staten Island, NY 10314.

11. At all times herein mentioned, the Defendant COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees maintained the aforementioned Costco located at 2975 Richmond Avenue, Staten Island, NY 10314.

12. At all times herein mentioned, the Defendant COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees managed the aforementioned Costco located at 2975 Richmond Avenue, Staten Island, NY 10314.

13. At all times herein mentioned, the Defendant COSTCO WHOLESALE

CORPORATION, its servants, agents and/or employees controlled the aforementioned Costco located at 2975 Richmond Avenue, Staten Island, NY 10314.

14. At all times herein mentioned, the Defendant COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees supervised the aforementioned Costco located at 2975 Richmond Avenue, Staten Island, NY 10314.

15. At all times herein mentioned, the Defendant COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees provided motorized shopping carts for disabled patrons at the Costco located at 2975 Richmond Avenue, Staten Island, NY 10314.

16. At all times herein mentioned, the Defendant At all times herein mentioned, the Defendant COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees maintained motorized shopping carts for disabled patrons at the Costco located at 2975 Richmond Avenue, Staten Island, NY 10314.

17. On or about October 29th, 2016, the Plaintiff, CLAIRE SILVERSTEIN, was lawfully at the Costco located at 2975 Richmond Avenue, Staten Island, NY 10314.

18. On or about October 29th, 2016, the Plaintiff, CLAIRE SILVERSTEIN, was caused to precipitated to the ground as a result of dangerous and hazardous condition at the Costco located at 2975 Richmond Avenue, Staten Island, NY 10314.

19. On or about October 29th, 2016, the Plaintiff, CLAIRE SILVERSTEIN, was caused to sustain serious injuries as a result of dangerous and hazardous condition at the Costco located at 2975 Richmond Avenue, Staten Island, NY 10314.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff repeats, reiterates, and realleges each and every allegation of Paragraphs

3

numbered "1" through "19", inclusive, of this Complaint, as if same were fully set forth herein at length.

21. That the aforesaid incident occurred solely and wholly through the negligence, carelessness, and/or recklessness of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

22. The Defendant was negligent in the ownership, operation, control, and/or supervision of the Costco located at 2975 Richmond Avenue, Staten Island, NY 10314; in providing the Plaintiff with a defective and/or unsafe motorized shopping cart; in failing to provide warnings at the Costco that patrons were not to take motorized shopping carts outside of the warehouse; in overfilling the Plaintiff's shopping cart with groceries such that said shopping cart become a tipping hazard; in affirmatively placing the Plaintiff in a known and dangerous situation with the knowledge that it was likely the Plaintiff could sustain injury; in failing to adhere to industry custom and standards regarding the ownership, operation, maintenance, supervision, and repair of motorized shopping carts and their intended uses; in failing to correct and/or remove the dangerous, defective and/or unsafe condition although the Defendants, their agents, servants and/or employees knew of the existence of the dangerous and unsafe condition; in failing to exercise that degree of care required under the circumstances; in failing to maintain the walkways abutting the Costco in a reasonable safe manner; in the negligent hiring, training, supervision and/or retention of the employees at the complained of Costco; and in otherwise being negligent, reckless and/or careless in the instance.

23. Upon information and belief, the Defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the

Defendant, their agents, servants and/or employees were informed of said conditions, created said conditions and/or the conditions existed for a sufficient length of time prior to the happening of the incident that in the exercise of reasonable care, the Defendant could have and should have had knowledge and notice thereof.

24. That Defendant's negligence was the proximate cause of Plaintiff's injuries.

25. That by reason of the foregoing, the Plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, the Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this incident and upon information and belief, may continue in that way into the future.

26. That by reason of the foregoing, the Plaintiff was damaged in an amount, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, on each cause of action, in an amount to be determined upon the trial of this action, together with such interest, costs and disbursements as are appropriate to the action.

Dated: Queens, New York
October 9, 2019

Yours, etc.

LEAV & STEINBERG, LLP

By: _____
Ricardo J. Martinez
*Attorneys for Plaintiff*
CLAIRE SILVERSTEIN
75 Broad Street, Suite 1601
New York, New York 10004
(212) 766-5222

6

FILED: KINGS COUNTY CLERK 10/09/2019 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 522119/2019
RECEIVED NYSCEF: 10/09/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CLAIRE SILVERSTEIN,

Plaintiff,

-against-

COSTCO WHOLESALE CORPORATION,

Defendants.

INDEX NO.

**ATTORNEY'S VERIFICATION**

---

Ricardo J. Martinez, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

I am an associate of firm of LEAV & STEINBERG, L.L.P., the attorneys of record for the plaintiff.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

This verification is made by affirmant and not by plaintiff because she is not in the County of New York, which is the County where your affirmant maintains offices.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
October 9, 2019

_____
Ricardo J. Martinez

7

FILED: KINGS COUNTY CLERK 10/09/2019 04:42 PM
NYSCEF DOC. NO. 1

INDEX NO. 522119/2019
RECEIVED NYSCEF: 10/09/2019

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CLAIRE SILVERSTEIN,

Plaintiff,

-against-

COSTCO WHOLESALE CORPORATION,

Defendants.

---

## SUMMONS & COMPLAINT

### Leav & Steinberg, LLP
*Attorney for Plaintiff*
Office & Post Address, Telephone
75 Broad Street – Suite 1601
New York, NY 10004
Telephone No.: (212) 766-5222

---

To:

Service of copy of the within                                is hereby admitted.
Dated,
                                                             _____
                                                             Attorneys for Plaintiff

---

Please take notice

**NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                    2019

**NOTICE OF SETTLEMENT**
that an order                              of which the within is a true copy will be presented for settlement
to the HON.                                                                    one of the judges
of the within named court, at
on                          20         at              M.
Dated,                                              Yours, etc.
                                                    **LEAV & STEINBERG, LLP**
                                                    Attorneys for Plaintiff
                                                    Office and Post Office Address
                                                    75 Broad Street – Suite 1601
                                                    New York, New York 10004